KNIGHT v. INTERNATIONAL & G. N. RY. CO. et al.

(Circuit Court of Appeals, Fifth Circuit.    April 10, 1894.)

No. 116.

**1. REMOVAL OF CAUSES—TIME OF APPLICATION—REVIEW.**
It is too late, on appeal, to raise the question that the application upon which the cause was removed from the state to the federal court was not made in time.

**2. FALSE IMPRISONMENT—WHAT CONSTITUTES.**
Defendant procured, from a judge having jurisdiction, a warrant for plaintiff's arrest, which was directed to the sheriff of any county in the state. It was delivered to the sheriff of S. county, who arrested plaintiff outside of his county, and took him to a third county, to be identified, before bringing him to S. county. *Held,* that there was no trespass for which defendant could be held liable in an action for false imprisonment.

**3. MALICIOUS PROSECUTION—PROBABLE CAUSE—CONVICTION.**
In an action for malicious prosecution, the conviction of plaintiff upon the charge complained of is prima facie evidence of probable cause for the prosecution, notwithstanding a new trial was granted, and a nolle subsequently entered by the state.

In Error to the Circuit Court of the United States for the Eastern District of Texas.

This was an action for malicious prosecution, brought by John Knight against the International & Great Northern Railway Company and the Missouri Pacific Railway Company, in which there was judgment for defendants, and plaintiff brings error.

Charles C. Leverett, for plaintiff in error.

Baker, Botts, Baker & Lovett, James Hagerman, and Farrar, Jonas & Kruttschnitt, for defendants in error.

Before PARDEE and McCORMICK, Circuit Judges.

PARDEE, Circuit Judge.    The facts of this case appear to be that on January 19, 1885, in the nighttime, Robert Frazier, a conductor in charge of a passenger train of the International & Great Northern Railway Company, was murdered in Smith county, Tex., near Overton, in Rusk county, Tex.    At Overton two men got on the forward end of the baggage car.    One Hamp Riley, the porter of the train, saw them getting on, and went forward, and ordered them off.    They each drew pistols, and refused to get off, whereupon Riley went back, and informed Ed. C. Powers, a brakeman.    Both Riley and Powers then went forward to where the men were, and told them they would have to get off.    The men refused to do so, pulled weapons, and threatened to shoot, whereupon Robert Frazier, the conductor, was informed, who then opened the door of the baggage car and stepped out on the platform where the two men were.    The latter opened fire, shooting Frazier, who fell on the platform, and thence off into a ditch, dying of his wounds the next day.    At the time of the shooting Powers was standing in the baggage car, just back of Frazier, and he received bullet wounds which, at the time, were considered fatal, but from which he subsequently recovered. Thomas Furlong, a special agent of the Missouri Pacific Railway

Company, proceeded to the scene of the murder, and, learning that suspicion strongly pointed to John Knight and John Price, who, besides, were more or less identified by the porter, Hamp Riley, went to Tyler, Smith county, Tex., and procured from the judge of the county court of that county a warrant for the arrest of Price and Knight, which was placed in the hands of one Clinkscales, sheriff of Smith county, for service. Clinkscales, with one regular deputy and Phil Wagner, M. McCabe, and Furlong, employes of the railroad company, whom he deputized, went to Overton, Rusk county, Tex., and arrested Price and Knight, and took them thence to Ft. Worth, Tex., (where Powers was in the hospital), for further identification. Powers identified both Price and Knight as the men who shot Frazier and himself. After the identification by Powers, both Price and Knight were carried to Smith county, and lodged in jail. Both were subsequently indicted for the murder of Frazier by the grand jury of Smith county. Price died before the trial. The railroad companies employed counsel to assist in the prosecution of Knight. Knight was tried on the indictment, and by a jury was found guilty, and was convicted of murder in the second degree; his punishment being fixed by the jury at 10 years in the penitentiary. Thereafter the court set aside the verdict, for a reason not apparent of record, and subsequently a nolle prosequi was entered in his case. After the end of the case in the court of Smith county, Knight instituted suit in the district court of Rusk county, Tex., against the International & Great Northern Railway Company, a corporation under the laws of the state of Texas, and the Missouri Pacific Railway Company, a corporation under the laws of the state of Missouri, for damages for false imprisonment and malicious prosecution in the gross sum of $75,000. Exactly when the said suit was instituted the record does not show. On the 29th of June, 1889, the Missouri Pacific Railway Company filed a petition in the district court of Rusk county to remove the said cause to the circuit court of the United States for the eastern district of Texas on the ground of prejudice and local influence, and on the same day filed in the circuit court for the eastern district of Texas a petition, affidavit, and bond to the same purport. Thereafter, on the 5th day of July, 1889, the state court, by order, directed the removal of the case, and the transcript was accordingly filed in the circuit court. On the 28th of the February following, the plaintiff made a motion in the circuit court to remand the said cause on various grounds, which motion was subsequently amended January 11, 1892, after the lapse of several terms, during which the case was continued, so as to show the following reasons: (1) That the petition for removal is unsupported by any proof that there exists in Rusk county, Tex., prejudice or local influence, and because the existence of prejudice and local influence is not sufficiently shown. (2) Because the record shows that this is not a suit wholly between citizens of different states. (3) Because the petition fails to show the citizenship of all the parties to the suit. (4) Because the affidavit in support of the petition for removal does not appear to have been made by authority. (5) Because the record shows a suit wherein the two defendants, the Missouri Pacific Rail-

way Company and the International & Great Northern Railway Company, are sued jointly, and there is no separate controversy between citizens of different states. This motion to remand was overruled on January 11, 1892. Thereafter the case was put at issue, and tried in the circuit court. The amended original petition of the plaintiff sets forth his case in detail, therein alleging the facts hereinbefore recited; charging that the affidavit on which he was arrested and held was false; that the arrest was willful, malicious, and oppressive, and wholly without probable cause, and was illegal, and wholly without warrant of law, and was a wanton disregard of plaintiff's rights; that the imprisonment was illegal, and wholly without warrant of law, and wholly without probable cause, and made with malicious intent to vex, harass, mortify, and humiliate the plaintiff, and all of which the defendants well knew, to his damage, for which he claims vindictive damages in the sum of $25,000. In the second cause of action, which was for $50,000, for malicious prosecution, he charges, among other things, that the prosecution was wholly without probable cause, all of which defendants knew all the while; that the defendants pressed the prosecution against the plaintiff with all the possible vigor and power that money and means could command; that to insure the success of their diabolical plans to rob this plaintiff of his life by convicting him of the murder of said Frazier the defendants employed the ablest attorneys in the land to assist the state's attorney in the prosecution; that in their endeavor to convict the plaintiff on the charge of murder they brought to bear against him the whole power of the criminal courts of the country, and to convict the plaintiff on the charge of murder the defendants and their agents and detectives attempted to bribe witnesses to swear against the plaintiff; that the defendants, their agents and detectives, well knew at and before the beginning of said prosecution that the plaintiff was innocent of said charge of murder brought against him, and all the evidence showed conclusively that the plaintiff was not guilty of the murder of Frazier; that the defendants, with their hired and manufactured testimony, and with the assistance of attorneys, succeeded in securing a conviction against the plaintiff for murder in the second degree, with punishment of 10 years in the penitentiary, which judgment and conviction were afterwards set aside and vacated, etc. On the trial of the case, evidence was introduced by each side to maintain the respective issues, but no evidence was introduced of any kind tending to show that the conviction of the plaintiff in the district court of Smith county was obtained by fraud, false or perjured evidence, or by any unfair means whatever. During the trial some exceptions were taken to evidence as improperly admitted, and the plaintiff requested the court to give several favorable charges, which were refused. At the close of the evidence the judge instructed the jury as follows:

"That, as plaintiff admitted he was arrested on complaint as charged in the petition, was thereafter indicted by the grand jury of Smith county, state of Texas, and in final trial by a petit jury of said county was convicted of murder in the second degree, and his punishment fixed at ten years in the penitentiary, and thereafter he was granted a new trial, and subsequently the prosecution was dismissed, that said conviction was prima facie evidence

of probable cause; and, plaintiff having failed to introduce any evidence proving or tending to prove that said conviction was procured by fraud, false evidence, or any unfair means, that said conviction, under this state of facts, was, as a matter of law, probable cause; and to return a verdict for the defendants."

From a verdict for the defendant in accordance with this last instruction, plaintiff prosecutes this writ of error, assigning numerous grounds of error in relation to the improper admission of evidence and refusals of the court to charge the jury as requested, not necessary to recapitulate.

In this court the plaintiff makes a motion for the reversal of the judgment below, remanding the cause to the circuit court with instructions to remand it to the state court, because, he says:

"This court has no jurisdiction to try this case, because the circuit court had acquired no jurisdiction of said cause, for the following reasons: This cause was originally filed in the district court of Rusk county, Texas, in February or March of 1888, and defendants filed their answer on June 30, 1888, and that at the regular term in July, 1888, defendants suffered the case to be continued till the January term of 1889, at which term the plaintiff filed his amended petition; and again, defendants suffered the case to be continued to the July term of 1889 of said court, at which July term the defendants presented the application for removal to the circuit court for the eastern district of Texas, at Tyler, and at said July term of 1889 the order for removal was made; and, further, that under the law of Texas two regular terms of the district court are held in each year in Rusk county, to wit, on the first Mondays in January and July; that the record shows that the defendants failed to present their application for removal at the first term of the district court at Rusk county, to wit, the first Monday in January, 1888, at which term they were required to answer, and because of defendants' failure to present their application for removal at the proper time the jurisdiction of the district court of Rusk county became final and conclusive upon the circuit court, so far as the right of removal existed, if any such right existed in this case, and the circuit court could not acquire jurisdiction of this cause; wherefore," etc.

This ground for remanding the cause seems to be based upon facts which do not wholly appear of record; but, taking the facts as alleged in the motion to be true, we are of the opinion that the motion comes too late, irrespective of the question whether or not the removal from the state court, being before any trial of the case, and being on the ground of local prejudice, was in time. No such question was made in the circuit court. The matter of time in removal is not jurisdictional, and objection thereto can be waived, and is waived when not urged in time. This is settled by the supreme court of the United States in the case of Gerling v. Railroad Co. (decided Feb. 5, 1894; not yet officially reported) 14 Sup. Ct. 533.

From the view that we take of the case, it is unnecessary to consider the assignment of errors in detail, because, as the case was presented, no other judgment could have been properly rendered in the circuit court than the one actually rendered. The case does not appear to have been tried as one for damages for false imprisonment. The plaintiff made no request to the court to charge the jury upon the law with regard to false imprisonment, and one examining the record would conclude that the count for false imprisonment was practically abandoned. However that may be, the plaintiff, in his petition, shows that he was arrested under a warrant directed to

the sheriff of any county of the state, and issued by a judge having jurisdiction. The undisputed proof shows that the warrant for the arrest of the plaintiff was delivered by the judge issuing the same to Clinkscales, who was sheriff, and who executed the warrant. When the warrant was delivered to the sheriff of Smith county, he crossed the county line into Rusk county, and arrested the plaintiff, and brought him by way of Ft. Worth to Smith county, where he was subsequently indicted and held for trial. The only trespass, therefore, of which the plaintiff could in any view complain was the act of the sheriff in arresting him outside of his bailiwick, and in carrying the plaintiff to Ft. Worth. Carrying the plaintiff to Ft. Worth for the purpose of confronting him with Powers, then and there in the hospital, was in the interest of justice, and in the interest of the plaintiff himself, if he was innocent; for which it does not appear that the defendants can in any way be held responsible.

As to the second cause of action, the authorities are well settled that the question of probable cause in an action for malicious prosecution is one of law, to be determined by the court. Stewart v. Sonneborn, 98 U. S. 187, and cases there cited. The finding of an indictment by the grand jury, and the conviction by a petit jury on such indictment, although a new trial was thereafter granted, was prima facie evidence of the existence of probable cause, and, in the absence of countervailing evidence, warranted the court in giving the instruction to find for the defendants upon that ground. Cooley, Torts, 214; Whitney v. Peckham, 15 Mass. 243; Bacon v. Towne, 4 Cush. 217; Cloon v. Gerry, 13 Gray, 201; Hil. Torts, 457. The indictment by the grand jury and the conviction by the petit jury were admitted by the plaintiff; and while, in his petition, he charges that the same were procured by improper means, and upon false evidence, he offers not a particle of proof to show the same.

The judgment of the circuit court is affirmed.