## CITY OF PLANKINTON v. GRAY et al.

### (Circuit Court of Appeals, Eighth Circuit. September 10, 1894.)

#### No. 392.

1. DEMURRER—WAIVER BY ANSWER.
   A demurrer to a complaint as not stating sufficient facts to constitute a cause of action is waived if, after it is overruled, an answer is filed to the merits.

2. ANSWER—ADMISSIONS.
   An answer to a complaint against a town on a contract, admitting that the town made the contract, and not suggesting want of authority to make it, admits its power to make it.

3. COMPLAINT—CURE BY VERDICT.
   Failure of the complaint in an action against a town on a contract, which it had authority to make only on petition of taxpayers, to allege presentation of the petition, is cured by the verdict, even if the complaint should make such allegation.

In Error to the Circuit Court of the United States for the District of South Dakota.

Action by Frank M. Gray and another, partners as Gray Bros., against the city of Plankinton, on a contract. Judgment for plaintiffs. Defendant brings error. Affirmed.

Robert J. Gamble and R. B. Tripp (Mr. W. M. Smith was with them on the brief), for plaintiff in error.

O. T. Williams (Mr. Friend was with him on the brief), for defendants in error.

Before CALDWELL, Circuit Judge, and THAYER, District Judge.

CALDWELL, Circuit Judge. This action was instituted in the territorial court of Dakota, and transferred to the circuit court of the United States for the district of South Dakota upon the admission of that state into the Union. The action is founded on a contract entered into between Gray Bros., the defendants in error, and the town (now the city) of Plankinton, the plaintiff in error, whereby the former agreed, for a consideration named in the contract, to be paid by the town, to bore, within the corporate limits of the town, an artesian well for the purpose of furnishing water to the town and its inhabitants. The well was bored, and, the city failing to pay therefor, this suit was brought to recover the contract price for the work. A demurrer to the complaint, upon the ground that it did not state facts sufficient to constitute a cause of action, was overruled by the territorial court, and renewed in the circuit court, and overruled by that court, whereupon the defendant filed an answer and an amended answer to the merits. By filing an answer to the merits after the demurrer was overruled, the defendant

waived the demurrer. Railroad Co. v. Washington, 1 C. C. A. 286, 49 Fed. 347; Stanton v. Embrey, 93 U. S. 548; Campbell v. Wilcox, 10 Wall. 421; Evans v. Gee, 11 Pet. 80, 85; Asbach v. Railway Co. (Iowa) 53 N. W. 90; West v. McMullen, 112 Mo. 405, 20 S. W. 628; Richardson v. O'Brien, 44 Ill. App. 243; Ganceart v. Henry (Cal.) 33 Pac. 92; San Diego Co. v. Siefert (Cal.) 32 Pac. 644; Jones v. Terry, 43 Ark. 230; Anderson v. Lumber Co. (Or.) 28 Pac. 5; McFadden v. Fortier, 20 Ill. 509; Foltz v. Hardin (Ill. Sup.) 28 N. E. 786; Newman v. Moody, 19 Fed. 858; Elliott's App. Proc. 683.

Upon the trial the defendant objected to the introduction of any evidence in support of the plaintiffs' action, upon the same ground it had demurred to the complaint, and the objection was overruled, and this ruling is assigned for error. The Code of the territory, in force at the date of the contract, prescribing the duties and powers of incorporated towns, provided:

"The board of trustees shall have the following powers, viz.: * * * (3) To organize fire companies, hook and ladder companies, to regulate their government, and the times and manner of their exercise, to provide all necessary apparatus for the extinguishment of fires; * * * to construct and preserve reservoirs, wells, pumps, and other water works, and to regulate the use thereof, and generally to establish other measures of prudence for the prevention or extinguishment of fires as they shall deem proper." Pol. Code Dak. c. 24, § 22; Comp. Laws Dak. 1887, § 1043.

A further provision of the same Code declared that:

"No incorporated town under this act, shall have power to borrow money or incur any debt or liability unless the citizen owners of five-eighths of the taxable property of such town, as evidenced by the assessment roll of the preceding year petition the board of trustees to contract such debt or loan * * *." Pol. Code, c. 24, § 27.

The particular ground alleged against the sufficiency of the complaint is that it does not aver that before the making of the contract the citizen owners of five-eighths of the taxable property of the town had petitioned the board of trustees to contract the debt thereby incurred, as required by section 27, above quoted. The complaint alleged the town made and entered into the contract, and made a copy thereof a part of the complaint. The amended answer admitted that the town made and entered into the contract set out in the complaint, and set up various special defenses, and, among them, that the well did not furnish a satisfactory flow of water, as provided by the contract, "and was not such a well as was required by the terms of said contract," and that the well was improperly drilled and cased, by reason of which water flowed outside of the casing and pipes, and made the place in the street miry and unsafe, and the well a public nuisance; but nowhere in the answer or amended answer is there any suggestion of any want of authority on the part of the trustees to make the contract, or that it was invalid for any reason. The unqualified admission in the answer that the defendant made and entered into the contract sued on was an admission of its power and capacity to make the contract, and relieved the plaintiffs from the necessity of proving the execution of the contract, or the performance of any condition precedent to its valid execution. Monson v. Railway Co., 34 Minn. 269, 25 N. W. 595; Mill

Co. v. Bennewitz, 28 Minn. 62, 9 N. W. 80; Bank v. Pfeiffer, 108 N. Y. 242, 252, 15 N. E. 311. Moreover, assuming, but not deciding, that the contract in suit falls within the provisions of section 27 of the Code, and that good pleading would require that the plaintiff should aver the presentation to the trustees of the petition required by that section before they entered into the contract, the defect was amendable, and after verdict and judgment the appellate court will treat it as amended. Rush v. Newman, 7 C. C. A. 136, 58 Fed. 158; Elliott's App. Proc. §§ 471, 473, 640.

After answer filed, an objection that the complaint does not state facts sufficient to constitute a cause of action is good only when there is a total failure to allege the substance or groundwork of a good cause of action, and is not good when the allegations are simply incomplete, indefinite, or statements or conclusions of law. Id.; Laithe v. McDonald, 7 Kan. 261; Glaspie v. Keator, 5 C. C. A. 474, 56 Fed. 203. This rule is in entire accordance with the common-law rule on the subject of aider by verdict. By that rule, where a matter is so essentially necessary to be proved that, had it not been given in evidence, the jury could not have given such a verdict, there the want of stating that matter in express terms in a declaration, provided it contains terms sufficiently general to comprehend it in fair and reasonable intendment, will be cured by a verdict. Jackson v. Pesked, 1 Maule & S. 234; 1 Saund. Pl. & Ev. 228; Steph. Pl. 148.

The remaining assignments of error relate to the ruling of the court in admitting and rejecting evidence. A separate statement and consideration of these exceptions is not necessary, as none of them is of any general importance. They have all been examined very carefully, and we are satisfied that none of them has any merit. The evidence admitted or excluded by the rulings was too unimportant and trivial to have had any possible influence upon the verdict, and, if the ruling in any instance was technically erroneous, it was an error which worked no prejudice. The judgment of the circuit court is affirmed.