ROBBINS et al. v. ELLENBOGEN.

(Circuit Court of Appeals, Eighth Circuit. December 2, 1895.) No. 642.

JURISDICTION—DIVERSE CITIZENSHIP—SEPARABLE CONTROVERSY.

In a suit to foreclose a mortgage against the mortgagees and the purchaser of the equity of redemption, the second mortgagee was, on his request, made a party, and he filed a cross complaint asking for a foreclosure of his mortgage, and to this the mortgagors filed an answer. The only question litigated was whether this second mortgage was based on a legal consideration. *Held*, that it was error to remove the case to the federal court upon the application of the owner of the equity of redemption, a resident of another state, since neither the complaint nor the cross complaint showed more than a single cause of action, and the fact that different defendants had different defenses did not create separable controversies.

Appeal from the Circuit Court of the United States for the Eastern District of Arkansas.

John McClure (S. S. Wassell was with him on brief), for Martha Griffey.

John B. Jones, Daniel W. Jones, and W. S. McCain filed brief for Hiram and Elizabeth Robbins.

William G. Whipple filed brief for appellee.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge. The only question to be considered on this appeal is a question of jurisdiction, which was not raised in argument, but is apparent on the face of the record, and must, therefore, be noticed. Barth v. Coler, 19 U. S. App. 646, 649, 9 C. C. A. 81, and 60 Fed. 466; Thurber v. Miller, 14 C. C. A. 432, 67 Fed. 371. The Ladies' Building Association, a corporation of the state of Arkansas, sued Hiram Robbins, Elizabeth Robbins, and Martha Griffey, the appellants, in the Pulaski chancery court of the state of Arkansas, at its October term, 1891, to foreclose a mortgage on certain real estate situated in the city of Little Rock, Ark. The bill showed that Hiram Robbins and Elizabeth Robbins, his wife, had executed the mortgage sought to be foreclosed, and that subse-

quent to the execution of said mortgage they had conveyed their equity of redemption in the mortgaged property to Martha Griffey. For that reason she was made a party defendant. Subsequently Elias Ellenbogen, the appellee, appeared in the chancery court, and asked to be made a party defendant to the suit, on the ground that he held a second mortgage on the premises described in the bill, that had been executed by Hiram Robbins and wife subsequent to the execution of the first mortgage. Ellenbogen was thereupon permitted to file an answer and a cross complaint for the purpose of securing a decree foreclosing the second mortgage by him held. Subsequently, on February 11, 1892, Martha Griffey filed a petition for the removal of the case to the circuit court of the United States for the Western division of the Eastern district of Arkansas, and an order of removal was granted on her petition. The petition for removal alleged that the petitioner, Martha Griffey, was a resident and citizen of the state of Kentucky, and that the plaintiff was, at the time the suit was brought, a citizen of the state of Arkansas; "that this action was brought to obtain a decree against the property described in the bill for a sum of money, upwards of two thousand dollars, exclusive of costs, to be declared a lien on the said lands, which is held and owned by this defendant; and the value of said land is upwards of two thousand dollars; that this suit involves a controversy between plaintiff and this defendant which can be determined to the exclusion of the other parties." After the removal of the case to the federal court, Hiram Robbins and wife, two of the original defendants, filed an answer to Ellenbogen's cross complaint, in which they objected to a decree in favor of Ellenbogen, foreclosing the second mortgage on the property, for the reason, as alleged, that the second mortgage was based on an illegal consideration, in this, to wit: that it was executed to secure the payment for certain liquors sold in violation of the laws of the state of Arkansas and of the United States. Martha Griffey, the other defendant, also filed an answer to the cross complaint, but she only alleged in her answer that her codefendants, Hiram Robbins and wife, were resisting the foreclosure of the second mortgage for the reason that it was founded upon an illegal consideration. She therefore prayed that, if the second mortgage was found to be invalid for any cause, it might be ordered to be delivered up and canceled, and that the mortgaged property be freed from the lien thereof. Thereafter there was a long controversy between Hiram Robbins and wife on the one hand and Elias Ellenbogen on the other, touching the question whether the second mortgage was in fact based upon an illegal consideration. This was the only question that was litigated. Eventually there was a decree in favor of Ellenbogen against the defendants, Hiram Robbins, Elizabeth Robbins, and Martha Griffey, which adjudged that the sum of $2,812.30 was due on the second mortgage, and that, unless said sum was paid to the mortgagee within 30 days, the property covered by the second mortgage be sold to satisfy said debt, and that for any deficiency a judgment be rendered against Hiram Robbins in the ordinary form. It is from

this decree that the present appeal was taken. Martha Griffey, it seems, did not appear at the hearing of the case, and the decree was taken against her by default. Moreover, the decree rendered by the circuit court contained no reference to the first mortgage that was held by the Ladies' Building Association.

It is manifest, we think, from an inspection of the record, that the case was erroneously removed from the state court, and that the circuit court of the United States had no jurisdiction to enter the decree from which the appeal was taken. This conclusion is inevitable whether we treat the proceeding, as the circuit court appears to have treated it, simply as a suit by Ellenbogen against Robbins and wife and Martha Griffey to foreclose the second mortgage, or whether we treat it in substance as a proceeding by the Ladies' Building Association and Ellenbogen against said defendants to foreclose both mortgages. All the parties to the controversy were citizens and residents of the state of Arkansas except the defendant Martha Griffey, and all were proper, if not necessary, parties to the action. The suit brought by the Ladies' Building Association against Robbins and wife and Martha Griffey to foreclose the first mortgage was not removable to the circuit court of the United States by the defendant Martha Griffey on the ground of a separable controversy existing between herself and the plaintiff, because the suit embraced but a single cause of action, which was not divisible into separate controversies. The fact that there were three defendants, one of whom—Mrs. Griffey—was a citizen of Kentucky, was of no significance, even if it had so happened that she had a separate defense to the action. When the cause of action is single, the fact that different defendants have different defenses does not create separable controversies, as has been repeatedly held. The same remark applies to the cross complaint filed by Elias Ellenbogen against Robbins and wife and Martha Griffey, which was the suit that was actually tried. That suit was not removable to the federal court, there being but a single cause of action, because the plaintiff and two of the defendants were residents and citizens of the state of Arkansas. It matters not, therefore, whether we view the proceeding as a suit to foreclose both mortgages or whether we treat it, as the circuit court eventually treated it, as a suit to foreclose the second mortgage only. In either aspect of the case it was not removable to the federal court, either on the ground of diverse citizenship or on the ground of a separable controversy. The case is ruled by the decisions of this court in Thurber v. Miller, 14 C. C. A. 432, 67 Fed. 371, and in Barth v. Coler, 19 U. S. App. 646, 9 C. C. A. 81, and 60 Fed. 466, and by numerous decisions of the supreme court of the United States which are there cited. Inasmuch as the jurisdictional question was fully considered in the foregoing cases, especially in Thurber v. Miller, further discussion of the question is unnecessary. The decree of the circuit court is reversed at the cost of the appellants, and the case is remanded to the circuit court, with directions to vacate its decree, and to remand the case to the Pulaski chancery court, from whence it was removed.