### NEW YORK LIFE INS. CO. v. JOHNSON.

(Circuit Court of Appeals, Eighth Circuit. February 1, 1919.)

No. 5161.

1. COURTS ⬤⫸280—FEDERAL COURTS—DUTY TO DETERMINE JURISDICTION.

It is the duty of every federal court to inquire into its jurisdiction of a cause, whether or not that question is raised by the parties.

2. COURTS ⬤⫸329—JURISDICTION OF FEDERAL COURTS—AMOUNT IN CONTROVERSY.

It is not the amount claimed in the prayer for relief which determines the jurisdiction of a federal court; but, if it unmistakably appears from plaintiff's pleading that the amount recoverable is not within the jurisdiction of the court, it is its duty to dismiss the action.

In Error to the District Court of the United States for the Southern District of Iowa; Page Morris, Judge.

Action at law by Isabel H. Johnson against the New York Life Insurance Company. Judgment for plaintiff, and defendant brings error. Reversed.

E. D. Perry, of Des Moines, Iowa (John Barnes, of Milwaukee, Wis., James H. McIntosh, of New York City, and H. H. Stipp, R.

J. Bannister, and Vincent Starzinger, all of Des Moines, Iowa, on the brief), for plaintiff in error.

S. F. Prouty, of Des Moines, Iowa, for defendant in error.

Before HOOK, Circuit Judge, and TRIEBER, District Judge.

TRIEBER, District Judge. The defendant in error, plaintiff in the court below, instituted this action to recover on a policy of life insurance for $3,000 issued by the plaintiff in error on the life of her husband, alleged to be dead. The prayer of the complaint is that the plaintiff have judgment for the sum of $4,080, but there are no allegations in the complaint which will justify a recovery for a greater amount than the face of the policy, unless it be interest which had accumulated from the time of the alleged death of the assured until this action was instituted. The policy which is the basis of the action shows that the amount involved does not exceed $3,000.

[1] Judgment having been rendered for the plaintiff, the cause was brought to this court on writ of error. Neither party has raised the question of jurisdiction, but section 37 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1098 [Comp. St. § 1019]) makes it the duty of the District Court to dismiss any cause, if at any time it appears to the satisfaction of the court that such suit does not really and substantially involve a dispute properly within the jurisdiction of said District Court. So far as the appellate courts are concerned the well-established rule is that:

"On every writ of error or appeal, the first and fundamental question is that of jurisdiction, first, of this court, and then of the court from which the record comes. This question the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it." M., C. & L. M. Ry. Co. v. Swan, 111 U. S. 379, 382, 4 Sup. Ct. 510, 511, 28 L. Ed. 462; Chicago, B. & Q. R. R. v. Willard, 220 U. S. 413, 419, 31 Sup. Ct. 460, 55 L. Ed. 521; Chicago, R. I. & P. Ry. v. State of Nebraska, 251 Fed. 279, ―― C. C. A. ――.

Nor may it be waived by consent of parties. Minnesota v. Northern Securities Co., 194 U. S. 48, 62, 24 Sup. Ct. 598, 48 L. Ed. 870; Chicago, R. I. & P. Ry. v. Nebraska, supra.

[2] It is not the amount claimed in the prayer for relief which determines the jurisdiction of the court, if the unmistakable fact and legal certainty be that the plaintiff could not have had any reasonable expectation that she could recover, exclusive of interest and costs, an amount within the jurisdiction of the court. In such a case it is the duty of the court to dismiss it for want of jurisdiction, although the ad damnum clause demands judgment for a sum sufficient to confer jurisdiction on the court. Smith v. Greenhow, 109 U. S. 669, 3 Sup. Ct. 421, 27 L. Ed. 1080; North America, etc., Co. v. Morrison, 178 U. S. 262, 267, 20 Sup. Ct. 869, 44 L. Ed. 1061; Vance v. W. A. Vandercook Co., 170 U. S. 468, 472, 18 Sup. Ct. 645, 42 L. Ed. 1111; Globe Refining Co. v. Landa Cotton Oil Co., 190 U. S. 549, 23 Sup. Ct. 754, 47 L. Ed. 1171; Bank of Arapahoe v. David Bradley & Co., 72 Fed. 867, 19 C. C. A. 206; Less v. English, 85 Fed. 471, 29 C. C. A. 275; Fuerst Bros. & Co. v. Polasky, 249 Fed. 447, ―― C. C. A. ――.

As it clearly appears from the facts stated in the complaint that in no event can the plaintiff recover more than $3,000 on this policy, exclusive of interest and costs, the court below was clearly without jurisdiction.

The cause is reversed, with directions to the District Court to remand same to the state court from whence it came.