## WILDERMAN v. ROTH.

(District Court, E. D. Pennsylvania. December 29, 1925.)

### No. 8608.

**1. Courts ⬅➔327—District Court has no discretion in dismissing suit, where it appears that amount in controversy is not properly within jurisdiction.**

Under Judicial Code, §§ 24, 37 (Comp. St. §§ 991, 1019), court has no discretion as to dismissal, if want of jurisdiction appears to its satisfaction.

**2. Courts ⬅➔327—Duty of court to dismiss suit, when it appears with legal certainty that plaintiff could not be reasonably expected to recover full amount although pleaded.**

Where requisite amount is set out in ad damnum clause in statement of claim, and facts alleged are sufficient to support claim of damages, prima facie court has jurisdiction, yet, if on further proceedings, it appears with legal certainty that plaintiff could not have had reasonable expectation of recovery of jurisdictional amount, it becomes duty of court to dismiss suit.

At Law. Suit by one Wilderman against one Roth. On motion for judgment on special verdict. Motion denied, and suit dismissed.

Francis M. Gumbes, of Philadelphia, Pa. (S. R. Wachtell, of New York City, on the brief), for plaintiff.

Alfred R. Haig, of Philadelphia, Pa. (Benjamin Y. Shearer, of Reading, Pa., on the brief), for defendant.

Before THOMPSON and DICKINSON, District Judges, sitting in banc.

THOMPSON, District Judge. The plaintiff sued to recover upon a contract of hiring for domestic service in the farmhouse of the defendants near Reading, in Berks county, under which she was employed during a period of eight months, with no express agreement for the amount of wages to be paid. In her statement of claim, she alleged that her services were reasonably worth $5,000. At the trial she relied upon the testimony of a witness connected with an employment agency, whose testimony tended to show that the rate of wages for the service the plaintiff rendered, varied between a minimum of $50 a month to a maximum of $200 a month, according to the location and the financial responsibility of the employer. The jury rendered a verdict for $600, apparently finding the wages at the rate of $75 a month. Under the evidence, if the plaintiff had been employed to perform similar duties in a suburban district by a wealthy employer, which was not the fact, she could not have recovered more than $1,600, with interest.

The defendants' motion for judgment on the special verdict raises the question of jurisdiction, and that question was also raised at the trial by the request for a directed verdict in their favor.

[1] Section 24 of the Judicial Code (Act March 3, 1911 [Comp. St. § 991]), confers jurisdiction upon the District Courts in civil suits at common law or in equity where the matter in controversy exceeds, exclusive of interest and costs, the sum of $3,000, and is between citizens of different states. Section 37 (Comp. St. § 1019) provides that if, in any suit commenced in a District Court, it shall appear to the satisfaction of the court, at any time after such suit has been brought, that it does not really and substantially involve a dispute or controversy properly within the jurisdiction of the court, it shall proceed no further therein but shall dismiss the suit. The court, therefore, has no discretion, if the want of jurisdiction appears to its satisfaction.

[2] While the requisite amount set out in the ad damnum clause in a statement of claim, where the facts alleged are sufficient to support the claim of damages, prima facie gives the court jurisdiction, yet if, upon further proceedings, it appears as a legal certainty, as in this case, that the plaintiff could not have had any reasonable expectation that she could recover, exclusive of interest and costs, the jurisdictional amount, it becomes the duty of the court to dismiss the suit. New York Life Insurance Company v. Johnson, 255 F. 958, 167 C. C. A. 250, and cases there cited.

The court not having jurisdiction, the defendants' motion for judgment must be denied, and it is ordered that the suit be dismissed for want of jurisdiction, the costs to be paid by the plaintiff.