## UNITED STATES *v.* TAYLOR.

*(Circuit Court, D. Washington, S. D.   November 7, 1890.)*

1. COURTS—TERRITORY BECOMING A STATE—INJUNCTION—PENDING CASE.
    Where a territorial court, by its final decree in a case, granted an injunction for the protection of a continuing right, the case is after such decree still a "pending" case, within the meaning of the twenty-third section of the act providing for the creation of state governments for Washington and other territories, (25 St. U. S. 676,) and is transferable to the court which by said act is made the successor of said territorial court.

2. SAME—JURISDICTION—CONTEMPT—JUDGMENT.
    The judgment of a territorial court in a case which, after the territory became a state, was lawfully transferred to a United States circuit court, is to be regarded as having, by adoption, become a judgment of the circuit court, which court has

the same power to execute such judgment and punish as a contempt any willful disobedience of its mandate as it would have if the judgment were originally its own.

(*Syllabus by the Court.*)

In Equity. Motion to discharge
*P. H. Winston*, U. S. Atty.
*W. Lair Hill*, for respondent.

HANFORD, J. This is a proceeding growing out of a suit in equity brought by the United States to protect certain Indians in the enjoyment of fishery privileges guarantied to them by the government in a treaty made with them. The original case was commenced July 7, 1884, in the district court of the fourth judicial district of the territory of Washington, holding terms at Yakima. The final decree in the case was rendered by that court in the year 1887, by which decree the court granted a perpetual injunction against the defendant, Frank Taylor, forbidding the doing by him of certain acts, among others, the obstructing of a way across premises of which he was owner, and which he has since conveyed to O. D. Taylor, who is accused in the present proceeding of violating the injunction by obstructing said way. To a rule to show cause why he should not be punished for contempt, the respondent has interposed a motion by which he asserts that, as to said case, this court is not successor to the court which granted the injunction, and denies that this court has any power to punish him for a contempt of court committed by disobeying an order of the territorial district court, or to execute the decree of that court. It is conceded that the case is one of which this court might have had jurisdiction under the laws of the United States had it (the court) existed at the time of the commencement of the suit. But it is contended that, because a final decree had been previously rendered, the case had terminated, and was not a pending case at the time the territorial court passed out of existence upon the admission of the state of Washington into the Union; and, therefore, in respect to this case, this court is not the successor of the territorial court. The decision upon this point involves simply a definition of the word "pending" as used in the twenty-third section of what is commonly called the "Enabling Act." 25 St. U. S. 676.

In my opinion this act, when all its provisions are considered, manifestly shows that congress intended to fully protect and preserve not merely the rights of parties in a few select and especially favored ones of the cases commenced in the territorial courts, but every right of every party in every case which at any time had been or should be commenced in those courts during their existence; and the words "all cases, proceedings, and matters  *  *  *  pending," used in the act, must be construed to embrace all cases, proceedings, and matters initiated in the territorial courts, and in which at the time of the actual transformation of the territorial judicial system into the state and national systems there should be yet any vitality, force, or virtue. I have heretofore decided, in a case which had proceeded to judgment in a territorial court, that the court,

which, as to that case, was successor to the territorial court, should proceed with it, from the precise point to which it had already progressed, exactly as if the case had been commenced and proceeded with to the same point in that court. This view is supported by the court of appeals of New York in the case of *Wegman* v. *Childs*, 41 N. Y. 159, and in that case other decisions are cited and followed. Certainly rights established by a final judgment ought not to be held to have been forfeited or sacrificed by this statute, if by any reasonable or fair construction of its terms a different conclusion can be arrived at. The construction I have given to the act does lead to a different and more satisfactory conclusion. The construction contended for by counsel for the respondent does not, for the word "pending" is used in the clause descriptive of the class of cases and proceedings to be transferred to the state courts, and bears exactly the same relation to those cases that it does to the cases and proceedings which are transferable to the national courts, and it is not possible to exclude this court from taking jurisdiction of a case on the ground that because it had proceeded to judgment in a territorial court it then ceased to be a pending case, and yet hold that by virtue of this act of congress the courts of this state could take cognizance of the same case. I hold, therefore, that the case has been lawfully transferred to this court, and also that being so transferred this court, of necessity, must adopt as its own all the proceedings and orders of its predecessor in the case, including the judgment, and must exercise the same powers which that court would now have if it had continued to be, including the power to punish a violation of the injunction. The motion to discharge the rule is therefore denied.