BANK OF ARAPAHOE v. DAVID BRADLEY & CO.

(Circuit Court of Appeals, Eighth Circuit. January 7, 1896.)

No. 668.

Circuit Courts—Jurisdiction—Amount in Controversy.

In determining whether a claim is made in good faith, or is fictitious, and made only for imposing upon the court a case not within its jurisdiction, the plaintiff will be held to a knowledge of the well-settled rules of law; and when the actual matter in controversy is inadequate in value to confer the jurisdiction, and the additional amount required for that purpose is attempted to be supplied by setting up a claim for something easily susceptible of proof, if made in good faith, but in support of which no proof is offered and no satisfactory explanation given, or by adding a claim for which the law gives no right of action, and for which there can be no recovery, such a claim must be held to be fictitious, and to have been made for the purpose of perpetrating a fraud upon the jurisdiction of the court.

In Error to the Circuit Court of the United States for the District of Nebraska.

The defendant in error, David Bradley & Company, a corporation of Iowa, brought this action against the plaintiff in error, the Bank of Arapahoe, setting up, as its cause of action: That, in February, 1891, James B. Murray was carrying on an agricultural implement business at Arapahoe, Neb. That, for the purpose of ascertaining his business standing and solvency, the plaintiff corporation, which was a manufacturer and dealer in agricultural and farming implements at Council Bluffs, Iowa, addressed to the defendant the following letter:

"David Bradley. & Company, Incorporated, Manufacturers and Jobbers of Agricultural Implements, Farm and Spring Wagons, Buggies, etc.

"Council Bluffs, Iowa, Feb. 11, 1891.

"Bank of Arapahoe, Arapahoe, Neb.—Gentlemen: Please give us what information you can regarding the financial position, character, credit, etc., of J. B. Murray, your town. Can you give us an estimate of his net worth, and is he prompt pay? An early reply will greatly oblige.

"Yours, truly,                                David Bradley & Co."

That the defendant replied to this letter as follows:

"The Bank of Arapahoe, Incorporated.   Capital, $50,000.

"Arapahoe, Neb., Feb. 12, 1891.

"Mess. D. Bradley & Co., Council Bluffs, Iowa—Gentlemen: We are in receipt of your favor of the 11th inst. requesting information regarding Mr. Jas. B. Murray. Have always considered him good for his contracts, and in his dealings with us he has been prompt and straight. His net worth has been placed at about $10,000. Should consider this a fair estimate.

"Yours, very truly,                             Perry L. Hole, Cashier."

That the bank knew that the statements contained in its letter as to Murray's financial condition and standing were false, and that it made them for the fraudulent purpose of inducing the plaintiff to sell goods to Murray on credit, intending, as soon as the goods came into his possession, to have them appropriated to the payment of a debt then due from Murray to the bank. That, relying on the truth of the statements contained in the bank's letter, the plaintiff sold Murray, on credit, a bill of goods, of the value of $1,643.68, which were secured and appropriated by the bank, as soon as they came into the possession of Murray, to pay a debt due from him to the bank; and that Murray was insolvent. The complaint further alleged that the plaintiff had incurred an expense of $475 in an unavailing effort to collect the debt from Murray. The defendant demurred to the complaint, upon the ground that it did not appear therefrom that the amount in controversy exceeded $2,000, exclusive of interest and costs. The court sustained the demurrer, and thereupon the plaintiff filed an amended complaint, in which it is alleged that the action against Murray resulted in a judgment in favor of the plaintiff for $1,678.32 and $11.63 costs, and "that this plaintiff expended, in money, the sum of $475, over and above the taxable costs in said suit in the district court of Furnas county; that such sum was necessarily expended for transportation, hotel bills, and in payment for the time and labor of persons representing this plaintiff in the preparation for and trial of" the suit against Murray,—and further claiming that, "on account of the false and fraudulent representations of the defendant, and the fraudulent acts of the defendant hereinafter recited, the plaintiff claims the sum of $2,500 from the defendant as punitive damages therefor." A demurrer to the amended complaint was overruled. There was a trial to a jury, and a verdict and judgment for the plaintiff for the value of the goods, viz. $1,643.68, and interest on that sum, and the defendant sued out this writ of error.

John L. Kennedy (Myron L. Learned was with him on the brief), for plaintiff in error.

Edward P. Smith (James B. Sheean was with him on the brief), for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge, after stating the case as above, delivered the opinion of the court.

Numerous errors are assigned to the ruling of the court in admitting and rejecting evidence, and to instructions given and refused, and it is also assigned for error that the amount in controversy was not sufficient to give the circuit court jurisdiction. This last assignment is the only one we find it necessary to consider. It is averred in the complaint that the goods sold by the plaintiff to Murray on the faith of the alleged false representations of the defendant were of the value of $1,643.68. In order to give the circuit court jurisdiction, the goods must have exceeded in value the sum of $2,000, exclusive of interest and costs, and they fall short of that value by more than $350. This deficiency in the amount of the demand sued upon, to give the circuit court jurisdiction, is attempted to be supplied in two ways: The first allegation intended to supply this deficiency is to the effect that the plaintiff, in the prosecution of its suit against Murray, expended for transportation, hotel bills, and in payment for the time and labor of persons representing the plaintiff, the sum of $475. But, in determining whether the complaint states a cause of action for an amount within the jurisdiction of the circuit court, the amount expended by the plaintiff for these purposes cannot be considered as any part of the plaintiff's claim against the defendant, for the reason that the law gives the plaintiff no right of action against the defendant for these things. The plaintiff must be held to a knowledge of so plain a principle of law. Indeed, we do not understand the learned counsel for the defendant in error to contend, in this court, that the defendant is liable for the items going to make up the claim for $475. No case is cited, and it is believed none can be found, tending to support such a claim. No testimony was offered to prove a single item going to make up this alleged claim for $475. It was a matter within the knowledge of the plaintiff, and easily proved if it had any foundation in law or fact. It is reasonable to suppose that, if the claim for this sum had been made in good faith, some evidence would have been offered to support it. No such offer or evidence is in the record, and the bill of exceptions states that it contains "all the testimony offered or given by either party upon the trial." It is perfectly obvious, therefore, that this claim for $475 was set up, not because it had any foundation in fact, or in the hope or expectation that any recovery could be had thereon, but for the sole purpose of making a claim, on the face of the complaint, sufficient in amount to confer jurisdiction on the circuit court. But jurisdiction is not acquired by a groundless and fictitious claim, made for the sole purpose of conferring it. The jurisdiction is determined by the amount demanded by the plaintiff in good faith, and not by the damages claimed, either in the body of the com-

plaint or in the prayer for judgment. In Bowman v. Railway Co., 115 U. S. 611, 613, 6 Sup. Ct. 192, Chief Justice Waite, speaking for the court, said:

"Upon the face of this record, it is apparent that the actual value of the matter in dispute is not sufficient to give us jurisdiction. It is now well settled that our jurisdiction in an action upon a money demand is governed by the value of the actual matter in dispute in this court, as shown by the whole record, and not by the damages claimed, or the prayer for judgment. * * * As was said in Hilton v. Dickinson [2 Sup. Ct. 424], 'It is undoubtedly true that, until it is in some way shown by the record that the sum demanded is not the matter in dispute, that sum will govern in all questions of jurisdiction; but it is equally true that, when it is shown that the sum demanded is not the real matter in dispute, the sum shown, and not the sum demanded, will prevail.'"

In Peeler's Adm'x v. Lathrop, 2 U. S. App. 40, 51, 1 C. C. A. 93, 48 Fed. 780, the court said:

"The amount in dispute, or the matter in controversy, which determines the jurisdiction of the circuit court in suits for the recovery of money only, is the amount demanded by the plaintiff in good faith. Hilton v. Dickinson, 108 U. S. 165, 2 Sup. Ct. 424; Barry v. Edmunds, 116 U. S. 550, 561, 6 Sup. Ct. 501."

The effort to support the jurisdiction by setting up a claim for $2,500 for punitive damages is equally unavailing. Since the case of Day v. Woodworth, 13 How. 363, which was an action of trespass for tearing down and destroying a milldam, the rule has been well settled, in the federal courts, "that in actions of trespass, and all actions on the case for torts, a jury may inflict what are called exemplary, punitive, or vindictive damages upon a defendant, having in view the enormity of his offense, rather than the measure of compensation to the plaintiff." The rule is applied in actions of trespass for personal injuries, and for willful injury to property, and in actions for slander, libel, seduction, false imprisonment, and malicious prosecution; but the rule has never been applied to actions for the loss of personal property by fraud, instead of by force. It has, therefore, never been applied to cases of the loss of personal property by fraudulent representations. In such cases, the recovery is limited to the value of the property lost through the false representations, and interest thereon. The rule is thus stated in Sedg. Dam. § 439.

"False Representations. Where the plaintiff suffers pecuniary injury through the loss of personal property by the fraud of the defendant, instead of by force, the general principles are the same. The damages recoverable are those which naturally flow from the fraud. * * * Where the defendant falsely represented a third party to be of good credit, whereupon the plaintiff sold him goods on credit, and was unable to recover the price, the measure of damages is the value of the goods supplied."

In Lane v. Wilcox, 55 Barb. 615, the court said:

"If one knowingly or fraudulently misrepresents the pecuniary standing of a third person to one from whom such third person is desirous of obtaining property on credit, whereby the person to whom such representations are made is induced to give such credit, and is injured thereby, the well-settled rule of damages is one of compensation merely, and not punitive."

Under the judiciary act of 1789, which fixed the amount in controversy requisite to give the circuit court jurisdiction at a sum exceeding $500, exclusive of interest and costs, it was commonly

held by the circuit courts that the amount claimed in the body of the declaration and in the writ was conclusive on the question of jurisdiction, so far as related to the amount in controversy, and that the jurisdiction, having once attached in an action on a declaration and writ which claimed a sum sufficient to confer the jurisdiction, would be retained, although, upon the trial of the cause, it clearly appeared that the actual matter in controversy was less than $500, and that the plaintiff knew that fact, and claimed a larger sum for the sole purpose of suing in the federal court. This ruling was not without apparent sanction in some of the early judgments of the supreme court. In Gordon v. Longest, 16 Pet. 97, the court said:

"The damages claimed in the writ and declaration were unquestionably the sum in controversy. This is not an open question. It has been often decided that, if the plaintiff shall recover less than $500, it cannot affect the jurisdiction of the court; a greater sum being claimed in the writ. But in such cases the plaintiff does not recover his costs, and at the discretion of the court he may be adjudged to pay costs."

In Kanouse v. Martin, 15 How. 198, Mr. Justice Curtis, speaking for the court, said:

"The words 'matter in dispute,' in the twelfth section of the judiciary act, do not refer to the disputes in the country, or the intention or expectation of the parties concerning them, but to the claim presented, on the record, to the legal consideration of the court. What the plaintiff thus claims is the matter in dispute, though that claim may be incapable of proof, or only in part well founded."

We have seen that more recent decisions of the supreme court (Bowman v. Railway Co., supra; Hilton v. Dickinson, supra; Barry v. Edmunds, supra) declare that the jurisdiction of the court upon a money demand is governed by the value of the actual matter in controversy, and not by the damages laid in the writ and declaration, and that, when it is shown that the sum demanded is not the real matter in dispute, the sum shown, and not the sum demanded, will prevail. The circuit courts construed the language of the supreme court in Gordon v. Longest, supra, and Kanouse v. Martin, supra, as furnishing the rule to determine their jurisdiction, and, prior to the passage of the act of 1875, very generally held that the jurisdiction of the circuit court was conclusively established, so far as related to the amount in controversy, when the declaration and the writ claimed damages to an amount sufficient to confer the jurisdiction, and that the court was powerless to dismiss the suit, although it plainly appeared that the real matter in controversy was less than the sum required to give the circuit court jurisdiction, and that the claim for the amount in excess of the real matter in dispute was not made in good faith, but for the sole purpose of making a case apparently within the jurisdiction of the court. Under this rule, the only penalty that could be visited upon the plaintiff for perpetrating a fraud on the jurisdiction of the circuit court, in respect of the amount required to give the court jurisdiction, was the denial or the imposition of costs. In practice, this proved to be a totally inadequate penalty to prevent frauds on the jurisdiction of

the courts, and oppression on defendants, who were sometimes required to travel hundreds of miles to answer to suits in the federal court for trifling sums. The fifth section of the judiciary act of March 3, 1875, (18 Stat. 470), was leveled specially at this abuse, and put an end to all such frauds on the jurisdiction of the circuit court by providing:

"That if, in any suit commenced in a circuit court, * * * it shall appear to the satisfaction of said circuit court, at any time after such suit has been brought, * * * that such suit does not really and substantially involve a dispute or controversy ·properly within the jurisdiction of said circuit court, * * * the said circuit court shall proceed no further therein, but shall dismiss the suit. * * *"

It will be observed that this act is mandatory in its terms, and makes it the absolute duty of the circuit court to dismiss a suit whenever, in the progress of the case, it appears that it does not really and substantially involve a dispute or controversy within the jurisdiction of the circuit court. In Williams v. Nottowa Tp., 104 U. S. 209, Chief Justice Waite, speaking for the court, says:

"This provision of the act of 1875 is a salutary one, and it is the duty of the circuit courts to exercise their power under it in proper cases."

See, to same effect, Maxwell v. Railroad Co., 34 Fed. 286; Froelich v. Express Co., 67 N. C. 1.

Groundless and fictitious claims, obviously set up for the purpose of swelling the plaintiff's claim, on the face of the complaint, to an amount, within the jurisdiction of the circuit court, under the act of 1875, utterly fail of their purpose. The plaintiff's claim, so far as relates to the amount required to give jurisdiction to the circuit court, under this act, must be made in good faith. When so made for the requisite jurisdictional amount, the jurisdiction will be maintained, although the plaintiff may fail to make good his contention for that amount. In actions of trespass and for false imprisonment, and other actions of like character, where the jury have it in their power to assess exemplary damages, the court cannot, ordinarily, assume that the plaintiff's claim to recover the requisite jurisdictional amount is merely colorable, and not made in good faith. Hynes v. Briggs, 41 Fed. 468; Smith v. Greenhow, 109 U. S. 669, 3 Sup. Ct. 421; Barry v. Edmunds, 116 U. S. 550, 6 Sup. Ct. 501.

In determining whether a claim is made in good faith, or is fictitious, and made only for imposing on the court a case not properly within its jurisdiction, the plaintiff will be held to a knowledge of the well-settled rules of law; and when the actual matter in controversy is inadequate in value to confer the jurisdiction, and the additional amount required for that purpose is attempted to be supplied by setting up a claim for something easily susceptible of proof, if made in good faith, but in support of which no proof is offered, and no satisfactory explanation given, or by adding a claim for which the law gives no right of action, and for which there can be no recovery, such a claim must be held to be fictitious, and to have been made for the purpose of perpetrating a fraud on the jurisdiction of the court.

The court below should have sustained the demurrer to the amended complaint for want of jurisdiction, and, if no demurrer had been interposed, it should, under the fifth section of the act of 1875, have dismissed the suit, upon the trial, when the fact was disclosed that the plaintiff's claim to recover more than the value of the goods and interest was not made in good faith, and that the amount really in controversy was not within the jurisdiction of the court. The judgment of the circuit court is reversed, and the cause remanded, with instructions to dismiss the case, at the plaintiff's costs, for want of jurisdiction.