GREENE COUNTY BANK v. J. H. TEASDALE COMMISSION CO.

(Circuit Court, E. D. Missouri, E. D. January 29, 1902.)

JURISDICTION—AMOUNT IN CONTROVERSY—HOW DETERMINED.

In an action for recovery of money only, the amount of damages claimed determines the jurisdiction, unless the declaration on its face shows such amount is claimed in bad faith, and merely to give a colorable jurisdiction.[1]

In Equity.

F. H. Sullivan, for complainant.
R. F. Walker, for defendant.

ADAMS, District Judge. This is a bill for a discovery and an accounting. The complainant charges, in substance, that it is a banking corporation, and that one Ritter is its cashier; that the defendant is a commission house transacting the business of buying and selling grain and other commodities for customers, and that in the course of its business it has been in the habit of permitting its customers to put up "margins," as it is called, and thus to buy and sell partially on credit, in lieu of paying for the grain or other commodities purchased in full. The complainant charges that beginning with the year of 1896, and ending with the year 1900, its cashier, Ritter, took advantage of his situation as custodian of its money, and used the same for the purpose of speculating in grain with the defendant commission company; that Ritter so used its money to the extent of more than $2,000, the exact amount of which the complainant did not know, but believed to be not less than $15,000. It is charged in the bill that defendant commission company knew that Ritter was making use of complainant's money for the purpose of carrying on his speculations, and that the commission company received from time to time during the four years in question a large sum of money from Ritter, which he had abstracted from complainant's funds, and which the defendant knew he had so abstracted. Complainant alleges ignorance as to the exact amount so employed by Ritter, and submits divers interrogatories in the bill for defendant's officers to answer. The defendant appears and files a plea to the jurisdiction, alleging, in substance, that the suit does not involve a controversy amounting to $2,000, exclusive of interest and costs. By several affidavits made by the officers and agents of defendant company it is made to appear that Ritter first began to do business with defendant, and to make purchases and sales of grain through defendant's agency, on December 9, 1899, and continued such business only until November 27, 1900; that the total amount of all business transactions between Ritter and defendant company during this period was $1,715.56, and that the total amount of money paid by Ritter directly or indirectly during the entire period, covering the business transactions between Ritter and the defendant, was only $1,094.59; therefore that under

[1] Jurisdiction of circuit courts as determined by amount in controversy, see notes to Auer v. Lombard, 19 C. C. A. 75; Shoe Co. v. Roper, 36 C. C. A. 459.

112 F.—51

no circumstances could there be a recovery of over $1,094.59. On the foregoing showing it is claimed that the plea to the jurisdiction should be sustained.

I think this plea discloses a misconception of the rule governing the question of jurisdiction. According to the method adopted by defendant's counsel, it would be competent in any case for the defendant to allege in a plea to the jurisdiction that the amount claimed by a plaintiff was too much, and then proceed to have a hearing by ex parte affidavits touching the same; and on the same theory, of course, defendant might challenge the jurisdiction of the court on the ground that nothing was due the plaintiff, and proceed to try the whole case by ex parte affidavits. This method substitutes the trial by affidavit for the ancient and well-established method of taking the testimony by deposition or by an examiner, in such way as to permit searching examination and cross-examination of the witnesses. The general rule is that the sum demanded in the declaration or bill determines, for all jurisdictional purposes, the amount in controversy. Hilton v. Dickinson, 108 U. S. 165, 174, 2 Sup. Ct. 424, 27 L. Ed. 688. This is especially true in all actions for recovery of money only, like the action now before the court. The amount demanded by the plaintiff in good faith is the test of jurisdiction, so far as that is dependent upon the amount in controversy. In Schunk v. Moline, Milburn & Stoddart Co., 147 U. S. 500, 505, 13 Sup. Ct. 416, 417, 37 L. Ed. 255, it is said:

"The fact of a valid defense to a cause of action, although apparent on the face of the petition, does not diminish the amount that is claimed, nor determine what is the matter in dispute; for who can say in advance that that defense will be presented by defendants, or, if presented, will be sustained by the court?"

From the foregoing cases the rule appears to be that in all actions for the recovery of money the amount claimed in the complaint in good faith determines the jurisdiction of the court, so far as the amount in controversy may be involved. There is a well-recognized exception, however, to this rule, where it appears from the complaint that the amount claimed is evidently fictitious, and alleged for the purpose simply of giving color to jurisdiction,—in other words, where the plaintiff obviously is by allegation attempting to commit a fraud upon the jurisdiction of the court. Cases of this character are represented by the following: Bowman v. Railroad Co., 115 U. S. 611, 6 Sup. Ct. 192, 29 L. Ed. 502; Bank of Arapahoe v. David Bradley & Co., 19 C. C. A. 206, 72 Fed. 867, and cases cited. These cases, after recognizing the general rule that, in all actions for the recovery of money only, the amount demanded by the plaintiff in good faith determines the jurisdiction, also recognize an exception,—that where the claim asserted in the complaint is manifestly fictitious, and made for the purpose of imposing upon the court a case not within its jurisdiction, the court will ignore the statement of the claim demanded, and summarily put an end to the fraud attempted to be practiced upon its jurisdiction. It is manifest from the averments of the bill in this case that there is no such evidence of bad faith on the part of the complainant as to justify

the court's intervention to protect itself from fraudulent imposition. The cases relied upon by defendant's counsel are not inconsistent with the foregoing rule. They are not for the recovery of money only, but are cases in which real estate or some specific personal property is sought to be recovered. Wetmore v. Rymer, 169 U. S. 115, 18 Sup. Ct. 293, 42 L. Ed. 682, was an action in ejectment, in which the court laid down the rule that a trial court might hear the issue as to the amount in controversy by affidavits, or in any other manner which its discretion and judgment might dictate. Carr v. Fife, 156 U. S. 494, 15 Sup. Ct. 427, 39 L. Ed. 508, was also a suit relating to a tract of land. The title was disputed, and the jurisdiction depended upon the value of the land itself. In that case the supreme court took occasion, at the outset of its comments on the question of jurisdiction, to observe that "the suit was not one to recover a sum of money." Wilson v. Blair, 119 U. S. 387, 7 Sup. Ct. 230, 30 L. Ed. 441, was also an action for the possession of real estate, and the jurisdiction depended upon the value of the matter in controversy. In that case leave was given the defendant in the trial court to file affidavits of value, and the plaintiff to file counter affidavits; and the court took occasion to say it was good practice to settle the question of jurisdiction in that way, and, "if oftener adopted, would save trouble" to parties and the court. That case, however, was not to recover a particular sum of money alleged to be due, growing out of disputed transactions, but to recover the possession of real estate susceptible of actual valuation, whereby jurisdiction could be readily determined. Barry v. Edmunds, 116 U. S. 550, 6 Sup. Ct. 501, 29 L. Ed. 729, was an action for the malicious seizure of personal property for the payment of taxes alleged to have been unconstitutional. The value of the property seized was less than $200, but the plaintiff alleged that the action of the officer in seizing the same was malicious, and done with the purpose of injuring the plaintiff's credit. By reason thereof, plaintiff claimed vindictive damages in the sum of $6,000. The trial court had dismissed the case on the ground that the complaint showed that the matter in dispute did not exceed, exclusive of costs, the sum or value of $500, which was then the limit of jurisdiction. The supreme court disapproved of that action of the trial court, and held that the amount claimed in the complaint was the test of jurisdiction. In so doing the court enters into an interesting discussion of what would be a colorable demand, and, among other things, says:

"It is true, indeed, that in some cases it might appear, as matter of law, from the nature of the case as stated in the pleadings, that there could not legally be a judgment recovered for the amount necessary to the jurisdiction, notwithstanding the damages were laid in the declaration at a larger sum."

This doctrine is the same as that announced by the circuit court of appeals of the Eighth circuit in the case of Bank of Arapahoe v. David Bradley & Co., supra. The court then proceeds to quote from an opinion delivered by Chief Justice Ellsworth in the very early case of Wilson v. Daniel, 3 Dall. 401, 407, 1 L. Ed. 655, as follows:

"The nature of the case must certainly guide the judgment of the court, and, whenever the law makes a rule, that rule must be pursued. Thus, in an action of debt on a bond for $100, the principal and interest are put in demand, and the plaintiff can recover no more, though he may lay his damages at $10,000. The form of the action, therefore, gives in that case the legal rule. But in an action of trespass, or assault and battery, where the law prescribed no limitation as to the amount to be recovered, and the plaintiff has a right to estimate his damages at any sum, the damage stated in the declaration is the thing put in demand, and presents the only criterion to which, from the nature of the action, we can resort in settling the question of jurisdiction. The proposition, then, is simply this: Where the law gives no rule, the demand of the plaintiff must furnish one; but, where the law gives the rule, the legal cause of action, and not the plaintiff's demand, must be regarded."

The court, however, modifies the rule so stated by Chief Justice Ellsworth by declaring, in effect, that when the amount of damages stated in the declaration is colorable, and laid beyond the amount of a reasonable expectation of recovery for the purpose of creating a case within the jurisdiction of the court, no jurisdiction is thereby conferred. The case of Lee v. Watson, 1 Wall. 337, 17 L. Ed. 557, which was an action upon a money demand, well illustrates what is meant by a "colorable demand," within the purview of the law relating to jurisdiction. Here the court says:

"In an action upon a money demand, where the general issue is pleaded, the matter in dispute is the debt claimed; and its amount, as stated in the body of the declaration, and not merely the damages alleged, or the prayer for judgment at its conclusion, must be considered in determining the question whether this court can take jurisdiction on a writ of error sued out by the plaintiff. It certainly would not be pretended that this court would hear a case where the plaintiff counted solely upon a promissory note of $200, simply because he concluded his declaration with an averment that he had sustained damages from its nonpayment of over $2,000, and prayed judgment for the latter sum. * * * The damages or prayer for judgment must be regarded, inasmuch as the plaintiff may seek a recovery for less than the sum to which he appears entitled by the allegations in the body of the declaration."

In the light of the foregoing case, I think the rule may be safely stated that, in an action for the recovery of money only, the amount of damages claimed determines the jurisdiction of the court, unless the declaration upon its face shows that the sum is claimed in bad faith, and merely for the purpose of imposing a colorable jurisdiction upon the court. In other cases not for the recovery of money, but for the recovery of land or articles of specific property, an inquiry may be made, on a plea to the jurisdiction, by affidavit or other convenient method, as to the real value of the subject of controversy. The case now before the court clearly belongs to the class first mentioned, namely, for the recovery of money. In its bill the complainant alleges that it is certainly entitled to recover $2,000, exclusive of interest and costs, and believes it is entitled to recover $15,000. There is nothing apparent on the face of the bill to disclose, as a matter of law, that complainant cannot recover $2,000 and more, or bad faith, or any purpose to impose upon the court a jurisdiction not belonging to it. On the contrary, there is every evidence of perfect good faith to recover a sum of money necessarily uncertain, and dependent upon judicial investigation to

determine its amount. Such being the case, the defendants cannot by ex parte affidavits, taken out of court, conclude the whole case upon its merits, on a plea to the jurisdiction.

The plea must be adjudged bad and overruled.