## HAMPTON STAVE CO. v. GARDNER.

### (Circuit Court of Appeals, Eighth Circuit. June 18, 1907.)

### No. 2,487.

1. COURTS—JURISDICTION—AMOUNT IN DISPUTE.

Upon all questions of jurisdiction, the sum demanded, not the amount recovered, recoverable or admitted, is the amount in dispute, unless the record proves to a legal certainty either that the sum demanded cannot be as a matter of law the amount in dispute, or that it is, as a matter of fact, a colorable and fictitious amount inserted in bad faith to invoke jurisdiction.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 890.

Jurisdiction of Circuit Courts is determined by the amount in controversy, see notes to Auer v. Lombard, 19 C. C. A. 75; Tennent-Stribling Shoe Co. v. Rope, 36 C. C. A. 459.]

2. DAMAGES — OPTION CONTRACT — FAILURE TO FURNISH ABSTRACT — DAMAGE VALUE LESS CONTRACT PRICE—WHETHER OR NOT VENDEE WOULD HAVE BOUGHT IMMATERIAL.

Upon a breach by a vendor of a covenant to furnish an abstract of title in a contract which grants a time option to purchase land, the measure of damages is the difference between the contract price and the value of the land, and the issue whether or not the vendee would have bought the land if the vendor had furnished the abstract is speculative and immaterial.

3. WAIVER—EQUIVALENT OF ESTOPPEL.

The basis of waiver is estoppel, and where there is no estoppel there is no waiver.

Hook, Circuit Judge, dissenting in part.

(Syllabus by the Court.)

In Error to the Circuit Court of the United States for the Eastern District of Arkansas.

George B. Pugh and R. E. Wiley, for plaintiff in error.

N. T. White and Ben J. Altheimer, for defendant in error.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

SANBORN, Circuit Judge. The first complaint in this case is that the court below refused to sustain a demurrer to the petition, and, at the close of the evidence, to dismiss the action on the grounds that the amount involved was less than $2,000, and that there was no averment or proof that the plaintiff below would have taken the lands if a complete abstract of title to them had been furnished. The plaintiff, Russell E. Gardner, alleged in his complaint, and the evidence proved these facts: On October 30, 1905, the Hampton Stave Company, a corporation, made a written contract with Gardner upon which he paid it $1,000, whereby the Hampton Company agreed to sell and convey, and Gardner undertook to buy, within 60 days, 5,000 acres of land for the sum of $20,000, the Hampton Company agreed to furnish him within a reasonable time proper abstracts of title to the lands, and they mutually agreed that if the titles proved defective the $1,000 should be refunded; if they proved good, and Gardner purchased the lands, the $1,000 should be credited upon the price; and if the titles proved good, and Gardner failed to take and pay for the lands, the $1,000 should be

forfeited to the Hampton Company. The Hampton Company furnished an incomplete abstract of title to the lands, and though often requested failed to furnish any other within the 60 days. The land was worth $30,000, and Gardner alleged that he had sustained, and asked to recover, damages to the amount of $11,000.

Upon all questions of jurisdiction, the sum demanded, not the sum recovered, recoverable, or admitted, is the amount in dispute, unless the record proves to a legal certainty either that the sum demanded cannot be, as a matter of law, the amount in dispute (Vance v. Vandercook Co., 170 U. S. 468, 472, 18 Sup. Ct. 674, 42 L. Ed. 1100; Bank of Arapahoe v. Bradley & Co., 19 C. C. A. 206, 72 Fed. 867), or that it is as a matter of fact a colorable and fictitious sum inserted in bad faith to invoke jurisdiction (Hilton v. Dickinson, 108 U. S. 165, 174, 2 Sup. Ct. 424, 27 L. Ed. 688; Wilson v. Daniel, 3 Dall. (Pa.) 401, 404, 1 L. Ed. 655; Smith v. Greenhow, 109 U. S. 669, 671, 3 Sup. Ct. 421, 27 L. Ed. 1080; Schunk v. Moline, Milburn & Stoddart Co., 147 U. S. 500, 504, 13 Sup. Ct. 416, 37 L. Ed. 255; Peeler v. Lathrop, 1 C. C. A. 93, 98, 48 Fed. 780, 786. The vendee claimed damages for the breach by the vendor of a contract of sale of real estate. The legal measure of such damages is the difference between the contract price and the value of the property, and this was $10,000. The record fails to convince that this claim was made in bad faith to impose upon the court below and to fraudulently invoke its jurisdiction, and the amount in dispute was sufficient to sustain the action.

The next objection is that there was no averment or proof that the vendee would have taken and paid for the land pursuant to the contract if a correct abstract had been furnished, and that the court refused to admit evidence offered by the vendor to the effect that he would not have done so. But that evidence was immaterial. What the parties would have done if the vendor had not violated its agreement was a speculative and irrelevant issue. It had committed the first breach of the contract, and had thereby given to the vendee the right to recover the legal damages which resulted from its wrong, and the only issues in the case were the breach and the amount of damages. It is said that the damages for the breach should be limited to the cost of a correct abstract, and that in any event evidence that the vendee would not have taken the property was material in determining the amount of damages. But the vendee's right to purchase was limited by the contract to 60 days. He had paid $1,000 for this option, and it was a valuable one. The vendor had covenanted to deliver to him a correct abstract within a reasonable time, and the vendee had the right to rely upon the performance of this covenant by the vendor and to stake his option upon it. He was not required to presume that the vendor would violate his agreement and to act and to procure an abstract for himself upon that assumption. Nor was the cost of such an abstract the probable effect of the vendor's failure to furnish one. The measure of damages for its breach of this covenant in the contract was the natural and probable loss which the vendee would sustain on account of that breach, and that was the value of the option, the difference between the value and the contract price of the land, and the vendor could not lawfully take advantage of its own wrong by proof that the vendee would

not have realized this value if it had performed its covenant. Upon a breach by a vendor of a covenant to furnish an abstract of title in a contract which grants a time option to purchase land, the measure of damages is the difference between the contract price and the value of the land, and the issue whether or not the vendee would have purchased the land if the vendor had furnished the abstract is speculative and immaterial.

Error is assigned because the court rejected evidence that the vendor had title to the lands during the 60 days. But there was no question of title in the case and no reason for this assignment.

At the trial the vendor proved that after the expiration of the option it offered to furnish a correct abstract of title and to convey the land to the vendee at the contract price. But the latter did not accept the offer. In view of this evidence, the court below limited the amount of the recovery to the $1,000 which the vendee had paid for the option and interest thereon, and instructed the jury to return a verdict against the Hampton Company for that amount. This instruction is assailed because the court below refused to submit to the jury the questions: (1) Did the vendee first breach the contract by refusing to take the lands for reasons other than the lack of the abstract before the vendor failed to furnish a correct one? (2) Did the vendee prevent the vendor from furnishing the abstract when requested? And (3) did the vendee by agreement or conduct waive the covenant to furnish the abstract after the contract was made?

The evidence on which the vendor relied for the submission of the first question was the testimony of G. N. Hampton, the president of the vendor, to the effect that on December 14, 1905, Anderson, the agent of the vendee, asked him for an extension of the option which he refused, and Anderson then said that, unless the option was extended so that the vendee would have an opportunity to examine the lands, he would not take them, and the deal was off. But this conversation did not rise to the dignity of a notice by the vendee that he had renounced his option, and it was followed, far within the 60 days, by repeated written demands for a complete abstract and a written notice that, if such an abstract was furnished, the vendee would go ahead, examine the titles, and buy the lands.

The testimony which counsel for the Hampton Company contend entitled it to an answer of the second question by the jury is that when, on December 19, 1905, a written notice was given to the vendor that the abstract it had furnished was insufficient, and a demand was made upon it for a correct one, it demanded a return of the incomplete abstract and of a plat of the lands which had been delivered with it, the vendee loaned the abstract to the agent of the vendor for a few hours, but refused to return it or the plat because, if he did so, he would have no evidence of the insufficiency of the abstract furnished, and Hampton testified that he could not make an abstract without the plat, because he had bought of the Blodgetts 2,000 acres more than the lands sold to Gardner, that he had sold to Gardner the lands west of the river which he bought of the Blodgetts and had secured a warranty deed of them from the Blodgetts, and he could not tell which of those lands were west of the river without a plat. But

there must have been a map or a plat or a survey in some of the public offices of the county or counties in which these lands were situated from which the vendor could have determined readily which of the lands in his warranty deed from the Blodgetts were west of the river, and the abstract which its agent borrowed contained a list of them.

The reason why counsel insist that the third question should have been submitted to the jury. is that Hampton testified that on the next day after the contract was made he gave to Anderson the insufficient abstract, told him it disclosed the title to the Blodgetts, that the vendor had a warranty deed from them, and that, after he had examined the lands and found whether the values were there, it would furnish an abstract brought down to date, that Anderson assented and took the abstract and plat, that on December 14, 1905, the conversation about an extension of the option which has been recited occurred, and that on December 28, 1905, two days before the option expired, Anderson again asked for an extension, said that unless it was granted the deal would be off, and Gardner would have to lose the $1,000, and Hampton refused to grant the extension. But an estoppel is an indispensable element of a waiver. Where there is no estoppel, there is no waiver. Insurance Co. v. Wolff, 95 U. S. 326, 332, 24 L. Ed. 387; Assurance Co. v. Building Ass'n, 183 U. S. 308, 357, 22 Sup. Ct. 133, 46 L. Ed. 213; Society v. McElroy, 28 C. C. A. ·365, 372, 83 Fed. 631, 640; Rice v. Fidelity & Deposit Co., 103 Fed. 427, 435, 43 C. C. A. 270, 278; Insurance Co. v. Thomas, 82 Fed. 406, 408, 27 C. C. A. 42, 45, 47 L. R. A. 450; Williams v. Neely, 67 C. C. A. 171, 180, 134 Fed. 1, 11, 69 L. R. A. 232. And the undisputed evidence in the record is that the requisite elements of an estoppel were lacking. They are: Ignorance of the party who invokes the estoppel, a representation by the party estopped which misleads, and an innocent and detrimental change in reliance upon that representation. As early as December 19, 1905, and December 22, 1905, while there was yet ample time to procure the abstract, the vendor was notified in writing that Gardner would examine it and would buy the property if it furnished the abstract, and a written demand of it was made. The vendor was not ignorant that this abstract was required. No representation of the defendant induced it to believe that it was not, and it incurred no loss by any such belief. There was therefore no waiver, and our opinion coincides with that of the court below that there was no substantial evidence in this case which would have sustained an affirmative answer to either of the three questions which counsel claim should have been submitted to the jury or a verdict for the defendant.

The judgment below is accordingly affirmed.

HOOK, Circuit Judge, dissents from the measure of damages that is applied.