## LE ROY v. HARTWICK et al.

**(District Court, E. D. Arkansas, W. D.   February 23, 1916.)**

### No. 5773.

1. COURTS ⬅328—UNITED STATES COURTS—JURISDICTION—AMOUNT IN CONTROVERSY.

The amount claimed in the complaint determines the jurisdiction of a federal court, unless it appears to a legal certainty from the face of the complaint that in no event can plaintiff recover an amount necessary to give the court jurisdiction, and that a part of the claim necessary to make up the jurisdictional amount is, as a matter of fact, colorable and fictitious, and was inserted in bad faith to invoke the jurisdiction of the court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 890–896; Dec. Dig. ⬅328.]

2. COURTS ⬅328—UNITED STATES COURTS—JURISDICTION—AMOUNT IN CONTROVERSY.

Where the amount claimed in a complaint would give a federal court jurisdiction, the fact that upon the trial the amount recovered is less than the jurisdictional amount does not defeat the court's jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 890–896; Dec. Dig. ⬅328.]

3. COURTS ⬅328—UNITED STATES COURTS—JURISDICTION—AMOUNT IN CONTROVERSY.

In an action in a federal court in Arkansas on notes executed and payable in Texas, and containing a stipulation for attorney's fees if they were placed in the hands of an attorney for collection, or if suit was brought, plaintiff claimed that the law of Texas, under which such a stipulation was valid, must govern. Defendant contended that the lex fori controlled, under which such a provision will not be enforced. *Held*, that which law controlled, or whether the federal court must decide the question for itself, regardless of the decisions of the highest court of either state, were important questions to be determined, and the right to recover the attorney's fee was therefore a matter in controversy, to be determined, if pleaded as a defense, and the amount of the attorney's fee must be included in making up the requisite jurisdictional amount.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 890–896; Dec. Dig. ⬅328.]

At Law. Action by A. R. Le Roy against M. H. Hartwick and others. On demurrer to the jurisdiction of the court. Demurrer overruled.

This is an action on three notes, executed by the defendants on April 29, 1913, to one A. B. Holbert, a citizen of Iowa, and by him assigned, for value and before maturity, to the plaintiff, who is also a citizen of the state of Iowa. Each of the notes is for $967. All of them were executed in the state of Texas, and made payable in that state. Each note contains a stipulation to the effect that, "if not paid at maturity, and placed in the hands of an attorney for collection, or suit is brought on them, the makers agree to pay an additional sum of 10 per cent. as attorney's fees." It is alleged in the complaint that by the laws of the state of Texas, as uniformly construed by the highest court of that state, such a provision for attorney's fees is valid and enforceable in its courts; that the defendants having failed to pay the notes at maturity, they were, in the state of Texas, placed in the hands of the attorney who instituted this proceeding for the purpose of collecting them; that this

attorney is duly licensed to practice as such. Judgment is asked for $3,191, principal, and attorney's fees, and also interest and costs.

The defendants demur to the jurisdiction of the court, claiming that it appears from the face of the complaint that the plaintiff can in no event recover a judgment for more than $2,901, exclusive of interest and costs, as it is the settled law in the state of Arkansas that a contract for attorney's fees, in case of a suit to recover on a note, is against public policy and unenforceable.

William J. Berne, of Ft. Worth, Tex., for plaintiff.

J. C. Clark, of Conway, Ark., for defendants.

TRIEBER, District Judge (after stating the facts as above). [1, 2] It is a well-established rule of law that the amount claimed in the complaint determines the jurisdiction of the national courts, unless it appears to a legal certainty from the face of the complaint that in no event can the plaintiff recover an amount necessary to give the court jurisdiction, and that a part of the claim necessary to make up the jurisdictional amount is as a matter of fact colorable and fictitious, and was inserted in bad faith to invoke the jurisdiction of the court. The fact that upon the trial the amount recovered is less than the sum necessary for the court's jurisdiction does not defeat it. Tinstman v. First Nat. Bank, 100 U. S. 6, 25 L. Ed. 530; Hilton v. Dickinson, 108 U. S. 165, 2 Sup. Ct. 424, 27 L. Ed. 688; Smith v. Greenhow, 109 U. S. 669, 671, 3 Sup. Ct. 421, 27 L. Ed. 1080; Barry v. Edmunds, 116 U. S. 550, 566, 6 Sup. Ct. 501, 29 L. Ed. 729; Wetmore v. Rymer, 169 U. S. 115, 122, 18 Sup. Ct. 293, 42 L. Ed. 682; Schunk v. Moline, Milburn & Stoddard Co., 147 U. S. 500, 13 Sup. Ct. 416, 37 L. Ed. 255; Put-in-Bay Waterworks Co. v. Ryan, 181 U. S. 409, 431, 21 Sup. Ct. 709, 45 L. Ed. 927; Smithers v. Smith, 204 U. S. 632, 642, 27 Sup. Ct. 297, 51 L. Ed. 656; Bank of Arapahoe v. David Bradley & Co., 72 Fed. 867, 19 C. C. A. 206; Hampton Stave Co. v. Gardner, 154 Fed. 805, 83 C. C. A. 521.

[3] Tested by this rule, is the claim for attorney's fees merely colorable, for the purpose of conferring jurisdiction on this court, when without that claim the amount involved would be insufficient to authorize this court to assume it? On the part of the plaintiff the contention is that, the notes having been executed and made payable in the state of Texas, the law of that state must govern, and that it is the settled rule of law in that state, as established by an unbroken line of decisions of the Supreme Court of that state, that such a stipulation is valid and enforceable. On the other hand, the claim of the defendants is that the lex fori controls, and that the Supreme Court of the state of Arkansas has uniformly held that such a provision is a penalty, and that it is against the public policy of the state to enforce it, even if the notes were executed and made payable in a state where it is valid and enforceable.

Whether the lex loci or the lex fori controls, or whether this court, being a national court, must decide the question for itself, regardless of the decisions of the highest court of either state, the point involved not being statutory, but one governed by the law merchant, are important questions to be determined, and therefore clearly justiciable.

The authorities on the question whether such a stipulation is enforceable are so conflicting that it is impossible to harmonize them. In a note to Raleigh County Bank v. Poteet (decided by the court of last resort of the state of West Virginia) 82 S. E. 332, in L. R. A. 1915B, 928, these conflicting decisions are collected, and their utter irreconcilability shown.

It is therefore beyond question that the right to recover an attorney's fee on these notes is "a matter in controversy," to be determined if pleaded as a defense in the answer, and therefore must be computed in making up the requisite jurisdictional amount. This was expressly determined in Springstead v. Crawfordsville Bank, 231 U. S. 541, 34 Sup. Ct. 195, 58 L. Ed. 354. That case rules this. Whether, when the issues are made up, there can be a recovery of the attorney's fees, cannot be decided now, as the only question before the court is that of jurisdiction.

The demurrer to the jurisdiction of the court is overruled.