

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

Nos. 06-22-00011-CV &
06-22-00012-CV

IN THE INTEREST OF M.A. AND A.A., CHILDREN

&

IN THE INTEREST OF W.L., A CHILD

On Appeal from the 76th District Court
Camp County, Texas
Trial Court Nos. CPS-20-03563 & CPS-18-03104

Before Morriss, C.J., Stevens and van Cleef, JJ.

ORDER

As a result of petitions filed by the Texas Department of Family and Protective Services, the trial court terminated Father's parental rights to M.A., A.A., and W.L.[1] Father appeals. We abate these appeals to allow the trial court the opportunity to comply with the Indian Child Welfare Act (ICWA).

Congress passed the ICWA in response to the "rising concern in the mid-1970's over the consequences to Indian children, Indian families, and Indian tribes of abusive child welfare practices that resulted in the separation of large numbers of Indian children from their families and tribes through adoption or foster care placement, usually in non-Indian homes." *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 32 (1989). "The ICWA applies to all state child custody proceedings involving an Indian child when the court knows or has reason to know an Indian child is involved." *In re C.C.*, No. 12-17-00114-CV, 2017 WL 2822518, at *2 (Tex. App.—Tyler June 30, 2017, no pet.) (mem. op. & abatement order) (citing 25 U.S.C.A. § 1912(a)); *In re R.R., Jr.*, 294 S.W.3d 213, 217 (Tex. App.—Fort Worth 2009, no pet.)). "An Indian child is defined by the ICWA as an 'unmarried person who is under age eighteen and is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe.'" *Id.* (quoting 25 U.S.C.A. § 1903(4)). "The ICWA, however, does not define what constitutes being a 'member' or 'being eligible for

---

[1]Father's parental rights to M.A. and A.A. were terminated in the trial court's cause number CPS-20-03563, which is on appeal under our cause number 06-22-00011-CV. His parental rights to W.L. were terminated in the trial court's cause number CPS-18-03104, which is on appeal under our cause number 06-22-00012-CV. The two cases were consolidated for trial.

membership.'" *Id.* (citing 25 U.S.C.A. § 1903(4)). "Each tribe has its own criteria for determining tribe membership." *Id.*

"The Bureau of Indian Affairs created guidelines for state courts to use in Indian child custody proceedings to assist with the interpretation of the ICWA." *Id.* (citing Bureau of Indian Affairs Guidelines for State Courts; Indian Child Custody Proceedings (BIA Guidelines), 44 Fed. Reg. 67,584 (Nov. 26, 1979)). Under the BIA Guidelines, "[p]roceedings in state courts involving the custody of Indian children shall follow strict procedures and meet stringent requirements to justify any result in an individual case contrary to these preferences." *Id.* (quoting BIA Guidelines, 44 Fed. Reg. at 67,586). "Specific instructions are provided in the [BIA] Guidelines for the determination of the status of an alleged Indian child." *Id.* (citing *In re J.J.C.*, 302 S.W.3d 896, 900 (Tex. App.—Waco 2009, no pet.)). "The burden is placed on the trial court to seek verification of the child's status through either the Bureau of Indian Affairs or the child's tribe." *Id.* (citing BIA Guidelines, 44 Fed. Reg. at 67,586 ("stating that 'the court shall seek verification of the child's status'")). "Circumstances under which a state court has reason to believe a child involved in a child custody proceeding is an Indian include [when] . . . (i) [a]ny party to the case . . . informs the court that the child is an Indian child . . . [and] (ii) [a]ny public or state-licensed agency involved in child protection services or family support has discovered information which suggests that the child is an Indian child." *Id.* (quoting BIA Guidelines, 44 Fed. Reg. at 67,586).

"Under the ICWA, an Indian tribe is entitled to notice of a custody proceeding involving an Indian child." *Id.* (citing 25 U.S.C.A. § 1912(a)). "It is the duty of the trial court and the

3

Department to send notice in any involuntary proceeding 'where the court knows or has reason to know that an Indian child is involved.'" *Id.* (quoting 25 C.F.R. § 23.11). "Section 23.11 also requires that the notice be sent to the 'appropriate Regional Director' and the Secretary of the Interior."[2] *Id.* (quoting 25 C.F.R. § 23.11(a), (b), (c)). On receipt of the notice, "the Secretary of the Interior or his designee, is [required] to make reasonable documented efforts to locate and notify the tribe and the child's Indian parent or custodians within fifteen days or to notify the trial court how much time is needed to complete the search for the child's tribe." *Id.* (citing 25 C.F.R. § 23.11(c)).

Here, the Department's petition stated for M.A. and A.A. that "[a]n inquiry regarding the child or family's possible Indian ancestry is not complete." In status reports to the court, the Department stated that M.A. and A.A. had possible American Indian child status as reported by Mother and Father and that W.L. had "possible American Indian child status as reported by" Father. The Department further acknowledged, in six permanency reports, that Mother and Father reported that the children had possible American Indian child status. Mother's and Father's reports and the Department's knowledge of their reports that the children may have Indian ancestry were "sufficient to trigger the ICWA's requirements for notification and determination of Indian status." *Id.* at *3. Therefore, the trial court was obligated to notify and

___

[2]The appropriate regional director is determined by application of the BIA Guidelines and the ICWA. Section 23.11 of the Code of Federal Regulations states:

> Notice must include the requisite information identified in § 23.111, consistent with the confidentiality requirement in § 23.111(d)(6)(ix). Copies of these notices must be sent to the appropriate Regional Director listed in paragraphs (b)(1) through (12) of this section by registered or certified mail with return receipt requested or by personal delivery and must include the information required by § 23.111.

25 C.F.R. § 23.11. Notices must comply with Section 23.111, including the requirement to list "[a]ll names known (including maiden, married, and former names or aliases) of the parents." 25 C.F.R. § 23.111(d).

"seek verification of the child[ren]'s status from either the Bureau of Indian Affairs or the child[ren]'s tribe." BIA Guidelines, 44 Fed. Reg. at 67,586. "The notice provisions are . . . mandatory." *In re C.C.*, 2017 WL 2822518, at *3.

"A violation of the ICWA notice provisions may be cause for invalidation of the termination proceedings at some later, distant point in time." *Id.* (citing 25 U.S.C.A. § 1914 ("providing that '[a]ny Indian child who is the subject of any action for . . . termination of parental rights under State law, any parent . . . from whose custody such child was removed, and the Indian child's tribe may petition any court of competent jurisdiction to invalidate such action upon a showing that such action violated any provision of sections 1911, 1912, and 1913 of this title'")).

Notices must comply with Section 23.111 and must include:

(1) The child's name, birthdate, and birthplace;

(2) All names known (including maiden, married, and former names or aliases) of the parents, the parents' birthdates and birthplaces, and Tribal enrollment numbers if known;

(3) If known, the names, birthdates, birthplaces, and Tribal enrollment information of other direct lineal ancestors of the child, such as grandparents; and

 . . . .

(5) A copy of the petition, complaint, or other document by which the child-custody proceeding was initiated . . . .

25 C.F.R. § 23.111(d).

Thus, because the inquiry required by the ICWA is necessary here, we abate the appeals in cause numbers 06-22-00011-CV and 06-22-00012-CV, with the following instructions:

(1)    the trial court shall provide, no later than **August 30, 2022**, proper notices that comply with the ICWA's statutory notice requirements discussed herein;

(2)    the trial court shall thereafter conduct a hearing in each of these matters, no later than **September 27, 2022**, to determine whether any or all of M.A., A.A., or W.L. are Indian children under the ICWA;

(3)    the trial court shall cause a record of the proceedings to be prepared and shall make appropriate findings as to whether any or all of M.A., A.A., or W.L. are Indian children;

(4)    the reporter's record from the hearing shall be filed in each appeal pending in this Court no later than **October 4, 2022**; and

(5)    a supplemental clerk's record (including any orders and findings resulting from the ICWA hearing) shall be filed in each appeal pending in this Court no later than **October 4, 2022**.

*See* TEX. R. APP. P. 44.4. Due to the accelerated nature of parental-rights termination proceedings, the trial court shall conduct these abatement proceedings in an expedited fashion. These appeals will be reinstated in this Court following the filing of the supplemental clerk's records.

IT IS SO ORDERED.

BY THE COURT

DATE:    August 17, 2022

6