## LISKO *v.* UHREN.

Opinion delivered June 3, 1918.

DAMAGES—OVERFLOW OF FIELD—DUTY TO MINIMIZE DAMAGES.—Where defendant caused water to overflow plaintiff's hay field, and it proved that at a moderate cost, plaintiff could have raked the hay upon higher ground and thus prevented damage to it, the measure of plaintiff's damages is the reasonable cost of the means which the plaintiff was bound to adopt to lessen the injury, whether adopted or not.

Appeal from Prairie Circuit Court, Southern District; *Thos. C. Trimble,* Judge; reversed.

*Lankford, Gregory & Holtzendorff,* for appellant.

1. Substantial damages were proven and it was error to instruct the jury that plaintiff was entitled only to nominal damages. 1 Sutherland on Damages (4 ed.) § 88, etc.

2. The evidence shows substantial damages and the verdict is clearly against the evidence.

*Trimble & Williams,* for appellee.

1. The verdict is sustained by the evidence. Plaintiff did not use due diligence or care. 196 S. W. 816.

2. The evidence was conflicting, and there was no error in the instructions. The verdict should not be disturbed.

HART, J. John Lisko sued Steve Uhren to recover damages for flooding his hay field. On the part of the plaintiff, it was shown that he was the owner of a tract of prairie land in Prairie County, Arkansas. He used it as a hay farm. The defendant owned a tract of land next to him which he planted in rice. About the 17th of June, 1917, the plaintiff began to cut his hay and notified the defendant to that effect. The defendant began pumping water into his rice field, and it overflowed and ran over onto the plaintiff's land and destroyed about two

tons of hay which he had cut, and damaged badly several other tons which had been cut and raked into mows. The water also damaged the hay which was standing in the lower part of the field.

The defendant adduced evidence tending to show he had a levee around his farm and that the water which he had pumped into his rice farm did not flow into the hay field of the plaintiff, but that whatever water that stood in the plaintiff's hay field was due to rainfall; that the part of the hay field claimed to have been damaged was in a swag and that whatever damage was done to the plaintiff's hay was caused by surface water from rains which fell about that time. Other evidence on the part of the defendant tended to show that no damage was done to the plaintiff's hay.

The jury returned a verdict for the defendant, and the plaintiff has appealed.

It is earnestly insisted by counsel for the plaintiff that the court erred in instructing the jury that if it should find that the water came from the rice field and overflowed the hay field and that plaintiff could have saved the hay by reasonable diligence and failed to do so, then he would only be entitled to nominal damages. We are of the opinion that the court erred in giving this instruction and, also, another one to the same effect.

It is true it was shown on the part of the defendant that the plaintiff could have raked the hay up on higher ground at a moderate expense and thus have prevented the damage to his hay, but the court erred in instructing the jury that in such case he would be only entitled to nominal damages. While it was his duty to have prevented the damage to his hay if he could have done so at a reasonable expense, or by ordinary efforts, still the labor or expense with such performance involved would be chargeable to the defendant as the party liable for the injury thus mitigated. *Fort Smith Suburban Ry. Co.* v. *Maledon*, 78 Ark. 366, and *Louisville, New Orleans & Texas Rd. Co.* v. *Jackson*, 123 Ark. 1. In other words, the reasonable cost of the means which the injured party

is bound to adopt to lessen the damages, whether adopted or not, will measure the compensation he can recover for the injury or the part of it that such means have or would have prevented.  This is on the principle that if the efforts made are successful the defendant will have the benefit of them; if they prove abortive, it is but just that the expense attending them shall be borne by him. Sutherland on Damages (4 ed.), vol. 1, sec. 88.

It follows that the court erred in telling the jury in the instructions complained of that the plaintiff was only entitled to recover nominal damages.  For that error the judgment must be reversed and the cause will be remanded for a new trial.